UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Patrick D. Osei, | Case No. 18-cv-2922 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Office of Inspector General,<br>U.S. Department of Health &<br>Human Services, | |
| Defendant. | |

_____

Patrick D. Osei, 6167 104th Circle N., Brooklyn Park, MN 55443, *Pro Se* Plaintiff

Ana Voss and Pamela Marentette, Assistant U.S. Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Defendant

_____

In 2018 the U.S. Department of Health and Human Services Office of Inspector General (OIG) dismissed Patrick Osei's request for an administrative hearing regarding his 2011 exclusion from federal health care programs due to a felony conviction. Patrick Osei seeks judicial review of that denial and his exclusion. The OIG has moved to dismiss Osei's complaint on the ground that such review is not available. The Court agrees and recommends that the motion be granted for lack of subject matter jurisdiction.

**FINDINGS OF FACT**

The following facts are undisputed, except as otherwise noted. Osei was convicted of Illegal Remuneration and False Statements and was sentenced to 57 months in prison, 3 years of supervised relief, and restitution and special assessments

totaling $520,186.14. Docket No. 21-2 at 32.[1] Four months after sentencing on the criminal matter, on June 8, 2011, the OIG sent Osei a letter stating he would be excluded from federal health care programs for a minimum of 5 years. AR 15-16. The letter also advised him he had 30 days to submit additional information for the OIG to consider before it made a final determination regarding his exclusion. AR 16. The letter was mailed to Osei at the Federal Prison Camp in Duluth. AR 15. Five and a half months later, on November 30, 2011, the OIG sent Osei a letter notifying him that he had been excluded for a period of 17 years. AR 12-14. An attachment to the letter notified Osei that if he objected to the OIG action, he could request a hearing before an ALJ within 60 days of receiving the letter. AR 14. The November 30, 2011 letter was also addressed to Osei at the Federal Prison Camp in Duluth. AR 12. Osei acknowledges he received the initial June 2011 letter but claims he did not receive the November 2011 letter. Complaint, Docket No. 1 at 6; Pl.'s First Mem. 1, 3-5, Docket No. 32; Pl.'s Second Mem. 2-3, Docket No. 40. He contends the second letter did not exist in 2011 and the OIG made it up later, after he had applied for reinstatement in 2018. Pl.'s First Mem. 4-5, Docket No. 32.

In 2013, the OIG sent Osei three letters, the first one by mistake (which was corrected by the third letter), all to an allegedly incorrect residential address.[2] At the time, Osei was not living at his residential address but was still incarcerated at the

---

[1] The administrative record (AR) is attached to the Marentette Declaration [Docket No. 21] as Exhibit A [Docket Nos. 21-1 through 21-5]. The citations to the AR in this Report & Recommendation refer to the page numbers found in the lower right corner.

[2] The OIG sent the June 11, 2013, July 13, 2013, and November 21, 2013 letters to 6167 104th Circle N., Apt. 221, Minneapolis, MN 55443-1021. AR 17-19, 125. Osei contends the correct address is 6167 104th Circle North, Brooklyn Park, MN 55443. Complaint, Docket No. 1 at 7; Pl.'s Second Mem. 2, Docket No. 40.

2

Federal Prison Camp in Duluth. Pl.'s Second Mem. 2, Docket No. 40. The first letter, dated June 11, 2013, is identical to the original June 8, 2011 notice-of-intent letter. AR 15-18.[3] The second letter, sent a month later on July 11, 2013, confirmed that the OIG had received and added to the file the information Osei had sent regarding program exclusion. AR 19. The OIG then sent a third letter on November 21, 2013 stating, "**This notice supersedes the notice dated June 11, 2013**" and advising that the June 11, 2013 letter had been sent in error. AR 125.

On March 2, 2018 Osei applied to the OIG for reinstatement. AR 20. The OIG responded in a March 5, 2018 letter that Osei was not eligible for reinstatement because his exclusion period was 17 years and attached a copy of the November 30, 2011 letter. AR 21-25. Osei contends this was the first time he received a copy of the November 30, 2011 letter. Pl.'s First Mem. 3, Docket No. 32.

On March 31, 2018 Osei requested an administrative hearing. AR 2. The ALJ dismissed his hearing request as untimely under 42 C.F.R §§ 1005.2(c) and (e). AR 1. The ALJ considered and rejected Osei's argument that he did not receive the November 30, 2011 letter and his allegation that the letter had been created after-the-fact. AR 1-3. He dismissed Osei's request for a hearing because it was untimely and Osei had not overcome the presumption that he had received the November 30, 2011 notice-of-exclusion letter in 2011. AR 1-4 (June 20, 2018 Ruling Dismissing Request for Hearing). Osei administratively appealed the ALJ's dismissal of his hearing request. On August 14, 2018, the Departmental Appeals Board (DAB) declined review of that appeal, summarily affirming the ALJ's ruling. AR 5.

---

[3] Copies of the June 8, 2011 and June 11, 2013 letters are also attached as exhibits to Osei's first memorandum of law. *See* Docket No. 32-1 at 1-4.

Osei filed a *pro se* complaint in this Court on October 12, 2018, seeking an order that his exclusion period is 5 years rather than 17 years. Docket No. 1. After multiple extensions to respond to Osei's complaint, the OIG filed a motion to dismiss on August 21, 2019. Docket No. 18. Osei filed an opposition [Docket No. 32] and later requested time to find an attorney before the Court took the OIG's motion under advisement [Docket No. 35]. The Court granted Osei's request, holding the motion in abeyance. Docket No. 36. After receiving extensions to the original deadline for retaining counsel, Osei notified the Court that he had been unsuccessful. Docket No. 41. He filed a second memorandum opposing the OIG's motion on January 2, 2020. Docket No. 40. On January 17, 2020 the Court advised the parties it would decide the motion on the written submissions without oral argument. Docket No. 42.

## CONCLUSIONS OF LAW

The OIG moves to dismiss Osei's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion under Rule 12(b)(1), the Court may consider the entire record and is not limited to the pleadings. *Osborn v. United States*, 918 F.2d 724, 728-29 (8th Cir. 1990). When a jurisdictional question exists, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff's allegations are not entitled to a presumption of truthfulness, and the existence of disputed material facts does not preclude a court from deciding the jurisdictional issue. *Id.* The burden of proving subject matter jurisdiction falls on the

4

plaintiff. *Id.; V S Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether to grant a dismissal motion, courts "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)) (internal quotations omitted).

In applying rule 12(b)(6), this Court is mindful that *pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nonetheless, a *pro se* complaint must still contain specific facts sufficient to support its legal conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). A court will not supply additional facts, nor will it construct a legal theory for plaintiff. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

Osei contends that a 5-year exclusion period was "imposed" according to the June 11, 2011 letter and asks the Court to order the OIG to enforce that 5-year exclusion rather than the 17-year exclusion stated in the November 30, 2011 letter. *See* Pl.'s First Mem. 1 ("notice of exclusion for a five year period"), 3-4 ("Petitioner received a letter from the I.G. stating that a five-year exclusion was been [sic] imposed"), Docket

No. 32; *see also* Complaint, Docket No. 1 at 4 ("[N]ow they have changed this exemption to 17 years. I am asking the court to hold the IG to the 5-year exemption"), 6-7. At the same time, however, Osei acknowledges that the June 11, 2011 letter informs him that the **minimum** period of exclusion is 5 years, which could be increased if circumstances warrant. Pl.'s First Mem. 1, Docket No. 32. He contends he never received the November 11, 2011 letter because in fact it did not exist in 2011. He alleges the OIG concocted the letter after he applied for reinstatement in 2018. *Id.* at 4-5.

Osei has not addressed, in his opposition memoranda, the OIG's arguments that the statutory language precludes judicial review of the administrative dismissal of his hearing request. Nor has he cited any cases or statutory provisions to rebut the OIG's legal arguments. Rather, he simply asserts subject matter jurisdiction exists. His complaint alleges 42 C.F.R. § 1005.2(e) as the basis for the Court's jurisdiction [Compl. ¶ 4], but that provision merely recites the circumstances under which an "ALJ will dismiss a hearing request," including when the "hearing request is not filed in a timely manner."

Osei was excluded under 42 U.S.C. § 1320a-7(a) due to his criminal conviction as defined by § 1320a-7(i).[4] AR 12-14. A district court has authority to review final decisions of the HHS Secretary under § 1320a-7(f) which incorporates by reference 42 U.S.C. § 405(g). The scope and availability of judicial review are governed by § 405(g) ("Judicial review") and (h) ("Finality of Commissioner's decision"), which state in part:

---

[4] Section 1320a-7 ("Exclusion of certain individuals and entities from participation in Medicare and State health care programs"), paragraphs (a) ("Mandatory exclusion") and (i) ("'Convicted' defined").

6

(g) Any individual, <u>after any final decision of the [Secretary of HHS]⁵ made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary of HHS] may allow. . . .

* * *

(h) <u>The findings and decision of the [Secretary of HHS] after a hearing</u> shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Secretary of HHS] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary of HHS], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

(Emphasis supplied.)

Osei did not have a hearing on the merits or duration of his exclusion because his hearing request was untimely. The ALJ dismissed his hearing request after considering his arguments to excuse the untimeliness, and the DAB declined to review the ALJ's dismissal. Osei has cited no authority for the proposition that this Court may review the administrative dismissal of his hearing request. *Cf. Brandyburg v. Sullivan*, 959 F.2d 555, 556, 561-62 (5th Cir. 1992) (affirming dismissal of complaint for lack of subject matter jurisdiction because administrative dismissal of hearing request was not "final decision" within meaning of § 405(g) and not judicially reviewable).

In short, Osei has not sustained his burden to show the Court has jurisdiction over his claims. Accordingly, the Court recommends that the OIG's motion to dismiss be granted.

---

⁵ Pursuant to § 1320a-7(f)(1), any reference to the Commissioner of Social Security in § 405 shall be considered a reference to the Secretary of Health and Human Services.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket No. 18] be GRANTED for lack of subject matter jurisdiction and that Osei's complaint be dismissed without prejudice.

Dated: January 31, 2020                              s/David T. Schultz
                                                     DAVID T. SCHULTZ
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).